IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES HILL, D.O.** | § | **PLAINTIFF** |
| | § | |
| v. | § CIVIL ACTION NO. 1:06CV243-LG-JMR | |
| | § | |
| **DEPARTMENT OF VETERANS AFFAIRS** § | | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**

**BEFORE THE COURT** is the Motion to Dismiss [40] filed by Defendant. Upon reviewing the submissions of the parties and the relevant law, the Court finds that Plaintiff did not exhaust his administrative remedies with regard to his hostile work environment claim, and thus the Motion to Dismiss should be granted.

### DISCUSSION

A complete discussion of the facts in this case is included in this Court's Memorandum Opinion and Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment [37] and is incorporated herein by reference.[1] Plaintiff's age discrimination claims were dismissed for the reasons set forth in this Court's Memorandum Opinion and Order [37].[2]

---

[1] In the first Motion for Summary Judgement the Defendant did not seek summary judgment with regard to Plaintiff's hostile work environment claim.

[2] Plaintiff asserts that the Court should not have allowed Defendant to file this Motion after the Motion deadline set forth in this case and asserts that a ruling by this Court on the Motion to Dismiss would violate the law of the case doctrine. This Court has previously determined that Defendant should be allowed the opportunity to file this Motion after the deadline, particularly since the Motion potentially concerns this Court's jurisdiction. Additionally, the law of the case doctrine does not apply here. *See Af-Cap, Inc. v. Republic of Congo*, 383 F.3d 361, 367 (5th Cir. 2004) (under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal). No Court has previously determined whether Plaintiff exhausted his administrative remedies with regard to his hostile work environment claim.

In the current Motion, Defendant asserts that this Court lacks subject matter jurisdiction over Plaintiff's hostile work environment claim, because he did not exhaust his administrative remedies with regard to that claim.

The Fifth Circuit has not resolved the issue of whether failure to exhaust administrative remedies constitutes a jurisdictional bar or whether the exhaustion of administrative remedies is merely a prerequisite to filing suit and thus subject to waiver and estoppel. *Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006); *Herod v. Potter*, 255 Fed. Appx. 894, *2 n.5 (5th Cir. Nov. 27, 2007). However, Plaintiff has not raised the doctrines of waiver or estoppel in response to the Motion to Dismiss. Therefore, it is not necessary for the Court to determine whether the failure to exhaust administrative remedies is a jurisdictional bar or a prerequisite to filing suit. *See Pacheco*, 448 F.3d at 788 n.7.

Plaintiff asserts that he was not required to exhaust his administrative remedies because his hostile work environment claim arises out of the Age Discrimination in Employment Act. However, since Plaintiff chose to pursue an administrative remedy for his claims, he was required to "see it through to the end." *See Tolbert v. United States*, 916 F.2d 245, 249 (5th Cir. 1990). Therefore, Plaintiff was required to exhaust his administrative remedies.

When determining whether a plaintiff has exhausted his administrative remedies, a court must construe the plaintiff's administrative complaint liberally and must determine whether an administrative investigation of the claim not raised during administrative proceedings "can reasonably be expected to grow out of the charge of discrimination." *Pacheco*, 448 F.3d at 788-89. "We engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its

label." *Id.* at 789. "In determining whether a workplace constitutes a hostile work environment, courts must consider the following circumstances: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). In *Gates v. Lyondell Petrochemical Company*, the Fifth Circuit held that the plaintiff's hostile work environment claim could not be expected to grow out of her discrimination charge, where she alleged only her employer's discrete acts in terminating and failing to promote her and made no mention of a hostile work environment. *Gates v. Lyondell Petrochemical Co.*, 227 Fed. Appx. 409, *1 (5th Cir. May 15, 2007) (citing *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838-39 (8th Cir. 2002) (hostile work environment claim did not arise out of failure to promote based on age discrimination)).

      Defendant asserts that Plaintiff's administrative complaints described three isolated and specific instances of alleged age discrimination: the suspension of his clinical privileges, the decision to place him on involuntary leave, and constructive discharge. Defendant argues that an investigation of whether a hostile work environment existed would not arise out of Plaintiff's allegations concerning the placement on involuntary leave and the suspension because Plaintiff did not describe day-to-day discriminatory conduct that interfered with his work performance. Rather, he stated that he was shocked to learn that his privileges had been suspended, and he accused his supervisors of "lying in wait to abruptly accuse me of 'performing substandard care and being a danger to patients.'" (Att. 1 to Mot., Ex. A at 4). Additionally, Defendant asserts that Plaintiff's claim of constructive discharge could not have encompassed a hostile work environment claim because he had been on involuntary leave during the four months preceding

the alleged constructive discharge. The Court agrees. Plaintiff did not allege frequent discriminatory conduct that unreasonably interfered with his work performance. An investigation concerning the existence of a hostile work environment would not be reasonably expected to arise out of the three alleged discriminatory events described by Plaintiff in his administrative complaint. Therefore, he has failed to exhaust his administrative remedies, and his hostile work environment claim must be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [40] filed by Defendant is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 14th day of May, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE